Scott D. Swanson (ISB #8156)
Shaver and Swanson, LLP
1509 S. Tyrell Ln Ste 100
Boise, ID  83706
P.O. Box 877
Boise, ID 83701
Phone:  (208) 345-1122
Fax:  (888) 388-6035
Email:  swanson@shaverswanson.com

*Attorney for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERISE JONES, dba PEAK MEDIA GROUP, an Individual, | Case No._____ |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| SPITFIRE OPERATIONS, LLC, dba COLUMBIA MEDIA GROUP, an Idaho Limited Liability Company, | |
| Defendant. | |

Comes now Plaintiff Sherise Jones, dba Peak Media Group, ("Plaintiff"), by and through her undersigned attorneys, for her Complaint for Copyright Infringement, against Defendant Spitfire Operations, LLC, dba Columbia Media Group, ("Defendant"), alleges as follows:

COMPLAINT - Page 1

## THE PARTIES

1. Sherise Jones is an Idaho resident doing business as Peak Media Group and having a principle place of business in Boise, Idaho.

2. Upon information and belief, Defendant Spitfire Operations, LLC is an Idaho limited liability company doing business under the assumed name Columbia Media Group with a principal place of business represented to be 21N 3202E Idaho Falls, ID 83401.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and an injunction for copyright infringement under the Copyright Act of the United States to 17 U.S.C. §101, et seq.

4. This Court has subject matter jurisdiction over the copyright infringement claim pursuant to 28 U.S.C. §1338(a).

## BACKGROUND AND FACTUAL ALLEGATIONS

5. Plaintiff publishes the website located at the URL *onionbusiness.com* and a corresponding newsletter.

6. Plaintiff earns income through advertising on her website located at *onionbusiness.com*. Inclusion on her website of unique material facilitates Plaintiff's sale of advertising spots.

7. Plaintiff has invested a significant amount of resources including time and money into the development of its website including in writing and obtaining unique news articles to facilitate its sales of advertising.

8. In June, 2015, Plaintiff engaged Kathleen Thomas Gasper ("Ms. Gasper") as a freelance writer for the aforementioned publications.

9. Plaintiff and Ms. Gasper entered into an Agreement that provides that all articles written by Ms. Gasper for Plaintiff are considered works for hire and as such Plaintiff owns the copyrights for the articles or in the alternative if not works for hire, all works written by Ms. Gasper for Plaintiff are assigned to Plaintiff.

10. Ms. Gasper wrote an article titled "Tex-Mex Sales a family effort for Marvin and Mike Davis" for Plaintiff, which was published March 23, 2017 on Plaintiff's website located at *www.onionbusiness.com*. See Exhibit A.

11. Plaintiff is the sole owner of all right, title and interest in the copyrighted article, which was submitted for copyright registration with the United States Copyright Office on April 12, 2017. See Exhibit B.

12. Upon information and belief Defendant publishes the webpage located at URL *onionworld.net*, a direct competitor of Plaintiff's publication.

13. Upon information and belief Defendant sells advertising on its webpage located at *onionworld.net* based on its publication of articles on *onionworld.net*.

14. Upon information and belief Defendant published the "Tex-Mex Sales a family effort for Marvin and Mike Davis" on its website located at the URL *onionworld.net*, specifically at *http://onionworld.net/2017/03/27/tex-mex-sales-a-family-effort-for-marvin-and-mike-davis/*, including the exact content located on Plaintiff's website. See Exhibit C. The content includes the admission that the article was "[o]riginally posted at onionbusiness.com" and includes a hyperlink to Defendant's URL *www.onionbusiness.com*.

15. Plaintiff has at no time, past or present, given Defendant consent, permission or authorization whatsoever to use Plaintiff's article and is under no obligation to grant Defendant any such consent.

16. Upon information and belief, Defendant's website located at the URL *onionworld.net* is replete with material taken from third party websites, each with a similar indication of source and verbatim text from the third party websites.

17. Upon information and belief, Defendant's *modus operendi* is to utilize third party content on its website to generate advertising revenue while spending minimal resources to acquire content, thus maximizing Defendant's profit at the expense of third party, including competing websites.

## CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

18. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is the sole owner of all right, title and interest in the copyrighted article, which was submitted for copyright registration with the United States Copyright Office on April 12, 2017.

20. Defendant unlawfully and willfully copied Plaintiff's copyrighted article on its website, *onionbusiness.net*.

21. Defendant included at the conclusion of its article an admission that the article had been "[o]riginally posted at OnionBusiness.com".

22. Through its conduct alleged herein, Defendant has infringed Plaintiff's copyright in the copyrighted article in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§106, 501.

23. Defendant's acts of infringement are willful, intentional, and purposeful in disregard of and with indifference to Plaintiff's rights.

24. Plaintiff has been harmed, *inter alia*, by Defendant's actions in devaluing Plaintiff's article due to eliminating the exclusivity of the article and by harming Plaintiff's ability to sell advertising by eliminating the exclusivity of the article.

25. Upon information and belief, Defendant has unlawfully profited from its infringement through sales of advertising on its website in association with the article including its avoidance of incurring fees associated with generating its own content and/or licensing content for its website.

## JURY DEMAND

26. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court:

27. Enjoin Defendant during the pendency of this action and permanently thereafter from copying and using Plaintiff's copyrighted article;

28. Order Defendant to pay to Plaintiff all damages suffered by Plaintiff due to Defendant's unlawful acts, with prejudgment interest, as well as account for and pay to Plaintiff all profits that Defendant has enjoyed at Plaintiff's expense through the use of Plaintiff's

copyrighted article pursuant to 17 U.S.C. § 504(b), or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c)(1);

29. Finds Defendant has committed willful infringement of Plaintiff's mark and increase any award of statutory damages to not more than $150,000 pursuant to 17 U.S.C. § 504(c)(2).

30. For an award to Plaintiff of its costs and attorney's fees pursuant to 17 U.S.C. § 505.

31. For all other relief the Court deems just and proper.

DATED this 25th day of April, 2017.

SHAVER & SWANSON, LLP

By  /s/Scott D. Swanson
    SCOTT D. SWANSON
    Attorney for Plaintiff

COMPLAINT - Page 6